IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENDRICK ROBINSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **No. 2:25-cv-02111-SHL-atc** |
| ) | |
| SHELTER INSRUANCE, ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

On February 3, 2025, Plaintiff Kendrick Robinson filed a *pro se* Complaint and a motion to proceed *in forma pauperis*, which was subsequently granted.[1]  (ECF Nos. 2, 3, 9.)  During the screening process pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court determined that Robinson had not adequately pled a basis for this Court's jurisdiction over his claims and ordered him to file an amended complaint by March 14, 2025.  (ECF No. 10.)  To date, Robinson has failed to do so.  As a result, for the reasons set forth below, it is recommended that this case be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### PROPOSED FINDINGS OF FACT

In his Complaint, Robinson broadly alleges that Defendant Shelter Insurance is responsible for paying for his medical bills and damages to his vehicle that resulted from a hit-and-run accident on July 21, 2024.  (ECF No. 2-1.)  The Complaint purports to attach the alleged

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

insurance contract at issue between Robinson and Shelter Insurance and the hospital bills that he incurred as a result of the accident.  (*Id.* at 1.)  However, no such attachments were included with his Complaint.

As discussed in this Court's February 14, 2025 Order Requiring Amendment and Submission of Exhibits, Robinson failed to adequately plead either federal-question jurisdiction or diversity-of-citizenship jurisdiction.  (ECF No. 10.)  Because Robinson's Complaint contains neither facts nor claims that establish this Court's subject matter jurisdiction, it is subject to dismissal.  But rather than recommend dismissal, the Court permitted Robinson an opportunity to amend his Complaint to demonstrate subject matter jurisdiction (either by adequately pleading sufficient facts to establish diversity jurisdiction or cognizable claims to establish federal question jurisdiction).  (*Id.*)  Robinson was ordered to file an amended complaint that remedies these jurisdictional deficiencies by March 14, 2025.  (*Id.* at 4.)  Robinson was expressly warned that "[f]ailure to do so by March 14th may result in the case being dismissed without further notice."  To date, Robinson has failed to file an amended complaint (or take any further action in this case), and his deadline to do so expired over seventy-five days ago.

### PROPOSED CONCLUSIONS OF LAW

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or court orders. The rule provides that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  "Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the 'district court has the

2

inherent power to dismiss a case *sua sponte* for failure to prosecute.'" *Marchand v. Smith & Nephew*, No. 11-cv-2621-STA-cgc, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). The Rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

In determining whether to dismiss an action under Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 569–70 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)). Ultimately, dismissal under Rule 41(b) is warranted where the plaintiff exhibits a "clear record of delay or contumacious conduct" and "is inexcusably unprepared to prosecute the case." *Id.* at 570 (citations and internal quotation marks omitted). These "'controlling standards should be greatly relaxed' for Rule 41(b) dismissals without prejudice where 'the dismissed party is ultimately not irrevocably deprived of his [or her] day in court.'" *Wilson v. Shelby Cnty. Div. of Corr.*, No. 2:20-cv-02385-TLP-tmp, 2021 WL 1148221, at *1 (W.D. Tenn. Mar. 25, 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004)).

Evaluating these four factors reveals that dismissal of Robinson's case is the only appropriate sanction. As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570

3

(quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order). Robinson's Complaint does not adequately allege a basis for this Court's jurisdiction. Rather than recommend immediate dismissal, the Court gave Robinson until March 14th to file an amended complaint that remedies his jurisdictional deficiencies. (ECF No. 10.) He was expressly warned that his case would be subject to dismissal if he failed to timely respond do so. (*Id.* at 4.) Robinson has taken no action in response to that Order, and more than seventy-five days have elapsed since his deadline expired. Based on Robinson's failure to engage in the fundamental elements of litigation required by the Local and Federal Rules, as well as his disregard of this Court's Order, the first factor is satisfied, favoring dismissal.

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). Because Robinson is proceeding *in forma pauperis* and this case is still in the § 1915 screening phase, Shelter Insurance has not been served nor made an appearance; thus, this factor weighs against dismissal.

The third factor—prior notice, or the lack thereof—is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor clearly supports dismissal, as Robinson was expressly and unambiguously warned that failure to timely respond may result in the dismissal of his case.

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Instead, in circumstances such as these, where a plaintiff ignores orders of the Court and fails to prosecute his case, dismissal is appropriate. *See Lee v. Glaxosmithkline, LLC*, No. 2:12-cv-02393-JTF-cgc, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff "failed to comply with several orders of the Court including to respond to an Order to Show Cause"); *Bass v. Leatherwood*, No. 13-cv-2882-JDT-tmp, 2014 WL 1665205, at *2 (W.D. Tenn. Apr. 24, 2014) (finding dismissal under Rule 41(b) appropriate where a plaintiff, inter alia, failed to respond to an order to show cause). Robinson's conduct— or lack thereof—demonstrates that he has no intention of prosecuting this case, and thus the Court recommends dismissal, rather than a lesser sanction. Furthermore, when a plaintiff is indigent and proceeds *in forma pauperis*, as is the case here, "it is likely that a financial sanction would have had no practical deterrent effect." *Shavers*, 516 F. App'x at 571. Simply put, no sanction other than dismissal is appropriate in these circumstances. Thus, the fourth factor weighs in favor of dismissal under Rules 41(b).

In consideration of these factors and the entire record in this case, the Court finds that dismissal is warranted. Though the second factor weighs against dismissal, the remaining factors weigh strongly in favor. Robinson's refusal to prosecute this case, despite being prompted and ordered to do so, renders dismissal the appropriate outcome.

The Court further recommends the dismissal of this case be without prejudice, which "balances the Court's interest in docket management with the public policy interest of deciding cases on their merits." *Muncy*, 110 F. App'x at 556 n.5. Dismissal without prejudice "is

particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears

pro se." *Clayborn v. Lee*, No. 3:22-cv-00458, 2022 WL 17420375, at *4 (M.D. Tenn. Dec. 5,

2022) (citing *Schafer*, 529 F.3d at 737).

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that this case be dismissed without

prejudice pursuant to Rule 41(b) for failure to prosecute.

Respectfully submitted this 30th day of May, 2025.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation
disposition, a party may serve and file written objections to the proposed findings and
recommendations. A party may respond to another party's objections within fourteen (14)
days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within
fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further
appeal.