IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENDRICK ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHELTER INSRUANCE, ) <br> ) <br> Defendant. ) | Case No. 2:25-cv-02111-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE**

Before the Court is Magistrate Judge Annie Christoff's Report and Recommendation to Dismiss for Failure to Prosecute ("R&R"), filed May 30, 2025. (ECF No. 12.) In the R&R, Judge Christoff recommends that the Court dismiss Plaintiff Kendrick Robinson's pro se complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Robinson's deadline to object to the R&R was June 13, 2025, and no objections were filed.

As the R&R explained, during the 28 U.S.C. § 1915(e)(2)(B) screening process, the Court determined that Robinson did not adequately plead a basis for this Court's jurisdiction over the claims in his complaint. (ECF No. 10.) Therefore, the Court ordered him to file an amended complaint remedying deficiencies by March 14, 2025. (Id. at 18.) The order warned Robinson that "[f]ailure to do so by March 14th may result in the case being dismissed without further notice." (Id.) Robinson failed to respond to the Court's order. Based on this lack of response, Judge Christoff recommends dismissal of Robinson's claims without prejudice.

Upon review, the R&R included no clear errors in its analysis of the factors courts generally evaluate in determining whether to dismiss a complaint for failure to prosecute under Rule 41(b). (See ECF No. 12 at PageID 31–35.) Given the foregoing, the case is appropriately subject to dismissal.

Dismissals under Rule 41(b) for failure to prosecute or to comply with the Federal Rules or a court order "operate[] as an adjudication on the merits," "[u]nless the dismissal order states otherwise." Here, the Court finds it appropriate to dismiss the matter without prejudice. Therefore, the Court **ADOPTS** the Magistrate Judge's R&R. Robinson's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 23rd day of June, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
